IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

JESSICA FRUGGIERO,

      Appellant,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

CASE NO. 1D13-1572, 1D13-1573 and
1D13-1574

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed July 7, 2014.

An appeal from an order of the Circuit Court for Wakulla County.
Charles W. Dodson, Judge.

Michael J. Titus, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Joshua R. Heller, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

In these consolidated appeals pursuant to Anders v. California, 386 U.S. 738

(1967), our independent review of the record in each case reveals no reversible error.

However, as the state concedes, the trial court erred by imposing a special condition of

probation requiring appellant to pay for the cost of drug testing when such a condition

was not orally pronounced at sentencing. See Clussman v. State, 89 So. 3d 1093 (Fla.

1st DCA 2012). This issue was properly preserved by appellate counsel through a

motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), which was deemed denied when not timely ruled upon.

Accordingly, the judgments and sentences on appeal are AFFIRMED. On remand, however, the trial court is directed to strike from the orders of probation the special condition requiring appellant to pay the cost of drug testing.

LEWIS, C.J., WOLF and WETHERELL, JJ., CONCUR.