# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**BRUCE SHADE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-516

[January 27, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lynn Rosenthal, Judge; L.T. Case No. 12-1539 CF10A.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

### *ON CONCESSION OF ERROR*

PER CURIAM.

After he was convicted of burglary of a dwelling and theft, Bruce Shade took an appeal. While the appeal was pending, he moved to correct a sentencing error, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). He argued that a remand is required for the trial court to strike a special condition of probation which was included in the order of probation although not orally pronounced.

Shade does not challenge his convictions. However, based on the state's concession of error on the sentencing issue, we remand to the trial court to strike from the order of probation the condition requiring Shade to pay for drug testing. *See Parkerson v. State*, 163 So. 3d 683, 693 (Fla. 4th DCA 2015) (remanding for trial court to strike sex offender conditions from orders of probation and community control as those special conditions were not orally pronounced); *Fruggiero v. State*, 141 So. 3d 261, 261 (Fla. 1st DCA 2014) (remanding for trial court to strike unannounced special condition of probation where state conceded that

the "trial court erred by imposing a special condition of probation requiring appellant to pay for the cost of drug testing when such a condition was not orally pronounced at sentencing"). *See also Lawson v. State*, 969 So. 2d 222, 227 n.3 (Fla. 2007) ("Thus, in order to satisfy due process and provide a probationer with adequate notice, the trial court must orally pronounce any special condition at sentencing.").

*Affirmed in part, reversed in part, and remanded for correction of sentence.*

CIKLIN, C.J., TAYLOR and LEVINE, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***